IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE BURRIS dba SIERRA BROKERS REAL ESTATE, INC., <br><br>         Plaintiff, <br><br>    v. <br><br>AMERICAN SAFETY INDEMNITY COMPANY, an Oklahoma corporation, and DOES 1 through 20, inclusive, <br><br>         Defendants. | 2:10-cv-01561-GEB-DAD <br><br> <u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS</u> |

Defendant American Safety Indemnity Company ("ASIC") moves for dismissal of Plaintiff Michelle Burris's ("Burris") Complaint, under Federal Rule of Civil Procedure 12(b)(6). The Complaint is comprised of breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, and declaratory relief claims. Each claim concerns Burris's contention that ASIC has a duty to defend her against a third-party complaint that the County of Placer ("Placer County") filed against her in the Placer County Superior Court in California.

**I. Legal Standard**

A Rule 12(b)(6) dismissal motion tests the legal sufficiency of the claims alleged in the complaint. <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief

. . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Dismissal of a claim under Rule 12(b)(6) is appropriate only where the complaint either 1) lacks a cognizable legal theory, or 2) lacks factual allegations sufficient to support a cognizable legal theory. Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). To avoid dismissal, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547.

In deciding a Rule 12(b)(6) motion, the material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. See al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, conclusory statements and legal conclusions are not entitled to a presumption of truth. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Twombly, 550 U.S. at 555. "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

Since jurisdiction over this action is based on diversity, "California law is the governing substantive law." See Burns v. Int'l Ins. Co., 929 F.2d 1422, 1424 (9th Cir. 1991) ("Where a federal court has jurisdiction by virtue of diversity of citizenship of the parties, the court must follow state law."). Under California law governing insurance coverage, "[a] duty to defend arises if facts alleged in the [third-party] complaint, or other facts known to the insurer,

*potentially* could give rise to coverage under the policy." <u>Legacy Vulcan Corp. v. Superior Court</u>, 185 Cal. App. 4th 677, 692 (2010) (emphasis in original). "The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the [third-party] complaint with the terms of the policy. Facts extrinsic to the complaint also give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy." <u>Montrose Chemical Corp. V. Superior Court</u>, 6 Cal. 4th 287, 295 (1993) (quotation and citation omitted).

"The insured has the burden of establishing that a claim, unless specifically excluded, is within basic coverage, while the insurer has the burden of establishing that a specific exclusion applies." <u>Minkler v. Safeco Ins. Co. of Am.</u>, 49 Cal. 4th 315, 322 (2010). "Courts may not rewrite the [policy] or force a conclusion to exact liability where none was contemplated." <u>Legarra v. Federated Mut. Ins. Co.</u>, 35 Cal. App. 4th 1472, 1480 (1995) (quotation and citation omitted).

## II. Background

Placer County alleges in the third-party complaint against Burris the following claims: violation of the Subdivision Map Act, violation of the Placer County Code, violation of Section 17200 of the California Business and Professions Code, Fraud-Intentional Misrepresentation, Fraud-Concealment, Conspiracy, Breach of Fiduciary Duty, and Declaratory Relief. (Pl.'s Compl. Ex. 2.) Each claim is based on the allegation that Burris "was a real estate developer in the business of buying, parceling, selling and developing raw land." <u>Id.</u> Ex. 7, ¶ 12.).

   Burris tendered defense of the Placer County lawsuit to ASIC under an errors and omissions policy ("Policy") issued by ASIC. Id. ¶¶ 7, 14. ASIC refused to accept Burris's tender of defense of the lawsuit based on its contention that it has no duty to defend the lawsuit under the Policy. The insurance coverage dispute concerns a provision in the Policy prescribing that ASIC will pay for damages Burris is legally obligated to pay if the damages "arise out of a negligent act, error or omission in the performance of 'professional services.'" Id. Ex. 1, at 24. "Professional Services" in the Policy "means services performed by an 'Insured' as a: Real Estate [] broker." Id. Ex.1, at 31. The Policy also contains several coverage exclusions. Id. Ex. 1, at 26-29.

   After ASIC refused Burris's tender of defense, Burris submitted new evidence to ASIC and requested ASIC to reconsider its refusal of the tender of defense. Id. ¶¶ 23-25. Subsequently, Placer County filed a first amended complaint in which the same claims are alleged against Burris. Id. Ex. 7. Burris also tendered defense of the first amended complaint to ASIC; ASIC again refused to accept the tender. Id. ¶¶ 27, 28.

### III. Discussion

   ASIC argues Burris's claims in this federal lawsuit should be dismissed because several exclusions in the Policy evince it owed Burris no defense duty. One of these exclusions is Exclusion K, which states: ASIC "will not defend or pay under this policy for any 'claim' . . . based on or arising out of, or in connection with the activities of an 'Insured' as a . . . property developer." Id. Ex. 1, at 27.

   "We look to the nature and kind of risk covered by the policy as a limitation upon the duty to defend. The insurer is not required to defend an action against the insured when the complaint in that action

4

shows on its face that the injury complained of is not only not covered by, but is excluded from, the policy." <u>California Ins. Guarantee Assn. v. Wood</u>, 217 Cal. App. 3d 944, 947-48 (1990) (quotations and citations omitted). "An insurer can exclude coverage by language which is conspicuous, plain and clear." <u>Id.</u> at 948.

ASIC argues, inter alia, that Burris cannot avoid Exclusion K by relying on allegations in the third-party lawsuit concerning her use of her real estate broker license as the basis for her contention that a potential for coverage exists. Both Placer County's original and first amended third-party complaints allege that "Burris, at all times . . . was a real estate developer in the business of buying, parceling, selling and developing raw land." (Pl.'s Compl. Ex. 2, ¶ 12; Ex. 7, ¶ 12.) The exhibits attached to Burris's Complaint against ASIC also indicate that Placer County's claims against Burris are "based on or arising out of, or in connection with the activities of [Burris] as a . . . property developer." <u>Id.</u> Ex. 1, at 27. For example, a letter from Burris's counsel to ASIC states that ASIC's denial of coverage was improper because of "ASIC's attempt to draw a bright line between Ms. Burris alleged activities [sic] as a real estate developer/'subdivider' and her well documented activity as a [real estate broker]." <u>Id.</u> Ex. 5.

ASIC has shown that these exhibits and Placer County's allegations against Burris are within Exclusion K since they are "based on or arising out of, or in connection with the activities of [Burris] as a . . . property developer." <u>Id.</u> Ex. 1, at 27. <u>See generally</u> <u>Century Transit Sys., Inc. v. Am. Empire Surplus Lines Ins.</u>, 42 Cal. App. 4th 121, 128 (1996) (stating when an exclusion applies plaintiff "cannot rely upon the allegations of negligence to create a potential for coverage."); <u>Van Ness v. Blue Cross of California</u>, 87 Cal. App. 4th 364,

373-74 (2001) (stating exclusions "remove coverage for certain risks which initially fall within the insuring clause").

Since Burris's Complaint against ASIC does not plausibly show that ASIC was required to defend her against Placer County's lawsuit, ASIC's motion to dismiss Burris's Complaint is granted. However, Burris is granted fourteen (14) days from the date on which this order is filed to file an amended Complaint addressing the deficiencies in her Complaint. Further, Plaintiff is notified that this action may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if Plaintiff fails to file an amended complaint within the prescribed time period.

Dated:  January 4, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge