IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE BURRIS, dba SIERRA BROKERS REAL ESTATE, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>AMERICAN SAFETY INDEMNITY COMPANY, an Oklahoma corporation, and DOES 1 through 20, inclusive,<br><br>  Defendants. | 2:10-cv-01561-GEB-DAD<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE |

Defendant American Safety Indemnity Company ("ASIC") moves under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for an order dismissing Plaintiff Michelle Burris's ("Burris") First Amended Complaint with prejudice. The issue is whether ASIC has a duty to defend Burris against a third-party complaint which the County of Placer ("Placer County") filed against her in the Superior Court of California in Placer County. Placer County sues Burris based on her alleged unlawful subdivision of real property proscribed by the Subdivision Map Act and the Placer County Code. (First Am. Compl. ("FAC") Ex. 7, ¶¶ 85-163, 83:19-85:19.) Each claim in the third-party complaint incorporates the allegation that Burris **"was a real estate developer in the business of buying, parceling, selling and developing raw land."** Id. ¶ 12 (emphasis added).

1

1 Burris tendered defense of the Placer County lawsuit to ASIC
2 under an ASIC-issued errors and omissions policy ("Policy"). Id. ¶¶ 7,
3 14. ASIC argues it does not owe Burris a duty to defend under the Policy
4 since the claims in Placer County's third-party complaint are excluded
5 by "Exclusion K" in the Policy. This exclusion prescribes: ASIC "will
6 not defend . . . under this policy for any 'claim' . . . based on or
7 arising out of, or in connection with the activities of an 'Insured' as
8 a . . . property developer." Id. Ex. 1, at 26-27. ASIC argues Exclusion
9 K applies since "the basis for each of the County's [claims] against
10 [Burris] is that she participated in the illegal subdivision of . . .
11 various projects as a developer." (Mem. of P. & A. in Supp. of Mot. to
12 Dismiss Pl.'s FAC 12:18-19.) Burris counters that Exclusion K is
13 inapplicable since she is sued by Placer County as a real estate broker,
14 not a developer. (Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss Pl.'s FAC
15 5:28-6:1.)

> We look to the nature and kind of risk covered by
> the policy as a limitation upon the duty to defend;
> . . . [T]he insurer is not required to defend an
> action against the insured when the complaint in
> that action shows on its face that the injury
> complained of is not only not covered by, but is
> excluded from, the policy.

California Ins. Guarantee Assn. v. Wood, 217 Cal. App. 3d 944, 947-48
(1990) (internal citations and quotation marks omitted). "An insurer can
exclude coverage by language which is conspicuous, plain and clear." Id.
at 948.

Here, Placer County's third-party complaint shows on its face
that Exclusion K excludes coverage since each of Placer County's claims
against Burris alleges that she was acting as a property developer who
unlawfully subdivided real property. Therefore, ASIC owes no defense
duty to Burris, and Burris's First Amended Complaint is dismissed.

ASIC argues dismissal should be without leave to amend. "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which 'determines the propriety [of allowing amendment] . . . by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (quoting William O. Gilley Enters. v. Atl. Richfield Co., 588 F.3d 659, 669 n.8 (9th Cir. 2009)). It is evident from both Burris's original Complaint and First Amended Complaint that her action against ASIC is dependent upon Placer County's third-party complaint, and Placer County's third-party complaint shows on its face that Burris is not entitled to coverage under the Policy. Accordingly, any further amendment by Burris "would be futile, [and] there [is] no need to prolong the litigation by permitting further amendment." Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002).

Therefore, ASIC's motion to dismiss Burris's First Amended Complaint is granted with prejudice, and judgment shall be entered in favor of ASIC.

Dated: May 11, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge